IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVON M. GORDON, SR., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>BRIAN EMIG, Warden, and ATTORNEY )<br>GENERAL OF THE STATE OF )<br>DELAWARE, )<br>)<br>Respondents. )<br>_____) | Civ. Act. No. 24-453-JLH |

**MEMORANDUM**

I.  **INTRODUCTION**

*Pro se* Petitioner Davon M. Gordon, Sr. ("Petitioner") has filed a document titled "Petition for a Writ of Habeas Corpus." (D.I. 1.) According to the Petition and attached documents, Petitioner was arrested on May 31, 2023, and charged with three counts of offensive touching, three counts of endangering the welfare of a child, menacing, and non-compliance with bond – hereinafter referred to as Case Number 2306000004. (D.I. 1-1 at 15, 19.) The case proceeded in the Delaware Court of Common Pleas. (D.I. 1-1 at 15-18.) At the time of his arrest, Petitioner was serving Level III GPS sentences for terroristic threatening, third degree assault, and three counts of non-compliance with bond. (D.I. 1-1 at 19.) He was released on bail on June 2, 2023, and was ordered to have no contact with Ajeenah Hopes and her children. (D.I. 1-1 at 15, 20.)

On July 3, 2023, Petitioner was taken into custody for violating the no contact order and the terms of his probation ("VOP"). (D.I. 1 at 1; D.I. 1-1 at 1, 20.) The police did not charge Petitioner with breach of release at this time. (D.I. 1-1 at 20.) Petitioner secured bail and was

released on July 17, 2023. (D.I. 1-1 at 16.) Petitioner asserts that his bail was originally set at $25,000, but was increased to $125,000 on July 26, 2023. (D.I. 1-1 at 1, 13.)

On August 19, 2023, Petitioner was arrested and charged with tampering with a witness, and two counts of non-compliance with bond. (D.I. 1-1 at 17.) That case proceeded in the Delaware Court of Common Pleas with Case Number 2308008915. (D.I. 1-1 at 17-19.) The tampering with a witness charge was dismissed on August 28, 2023, and the two counts of non-compliance with bond were *nolle prossed* on October 6, 2023. (*Id*.)

On September 25, 2023, Petitioner was indicted on charges of non-compliance with bond, an act of intimidation, and criminal contempt. (D.I. 1-1 at 8, Entry No. 1.) The case proceeded in the Delaware Superior Court with Case Number 2308008915. (D.I. 1-1 at 8-11.)

On November 27, 2023, Court of Common Pleas Case Number 2306000004 was dismissed without prejudice. (D.I. 1-1 at 16.)

Thereafter, in Delaware Superior Court Case Number 2308008915, Petitioner filed a motion for reduction of bail, followed by a state petition for habeas relief. (D.I. 1-1 at 9, Entry Nos. 5, 7.) The Superior Court denied the motion for reduction of bail on December 13, 2023, and denied his state petition for habeas relief on December 15, 2003. (D.I. 1-1 at 9, Entry Nos 9, 12.) Petitioner filed another state petition for habeas relief on January 9, 2024, which the Superior Court denied on January 13, 2024. (D.I. 1-1 at 9-10, Entry Nos. 14, 17.) Petitioner pled guilty to an act of intimidation on January 29, 2024. (D.I. 1-1 at 2; D.I. 1 at 10, Entry No. 18.) He subsequently filed two more state petitions for habeas relief, which were denied. (D.I. 1-1 at 10-11, Entry Nos. 19, 22, 23, 26.)

2

Petitioner filed the instant Petition on April 11, 2024. (D.I. 1.) The Petition is captioned for the Delaware Superior Court and explicitly cites 10 Del. C. § 6901 as a basis for jurisdiction. (D.I. 1 at 2.) Although not entirely clear, Petitioner appears to argue that the imposition of bail and his conviction in Superior Court Case Number 2308008915 violate his state and federal constitutional rights. (D.I. 1 at 1-2; D.I. 1-1 at 1, 6, 12-13, 19-20.) For relief, Petitioner asks to be immediately released from custody. (D.I. 1 at 2.)

## II.     STANDARD OF REVIEW

The Court is obligated to liberally construe a document filed by a *pro se* prisoner. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339-40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally"). When construing a *pro se* filing, the Court must "apply the relevant legal principle even when the complaint has failed to name it." *Mala v. Crown Bay Marina Inc.,* 704 F.3d 239, 244-45 (3d Cir. 2013).

Nevertheless, the Court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254. A federal district court can only entertain a habeas petition in behalf of a person in custody pursuant to the judgment of a State court. *See* 28 U.S.C. § 2254(a), (b)(1)(A); *see also* Rules 1-2, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. As a general rule, errors of state law are not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[F]ederal habeas relief does not lie for errors of state law."). Additionally, pursuant to Article III, Section 2, of the United States Constitution, federal courts can only consider ongoing

3

cases or controversies. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990); *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002) (explaining that an actual controversy must exist during all stages of litigation). The "case-or-controversy requirement subsists through all stages of federal judicial proceedings." *Lewis*, 494 U.S. at 477-78. "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). A case becomes moot, thereby divesting a court of jurisdiction, if the "issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (internal citations omitted). Even if a case was live at its inception, an actual controversy must exist during all stages of litigation to satisfy Article III's case or controversy requirement. *See Kissinger*, 309 F.3d at 180.

## III.   DISCUSSION

Petitioner appears to argue that: (1) the bail originally imposed for Court of Common Pleas Case Number 236000004 was improperly continued/imposed for Superior Court Case Number 2308008915 after the dismissal of Case Number 236000004; and (2) Superior Court Case Number 2308008915 should not have been calendared and prosecuted because Court of Common Pleas Case Number 236000004 – which he refers to as the "controlling case" – was dismissed in November 2023.

To the extent Petitioner is asserting that the imposition of bail in, and prosecution of, Superior Court Case Number 2308008915 violated his rights under the Delaware habeas corpus statute, 10 Del. C. § 6901, *et seq.*, and the Delaware Constitution, these alleged errors of Delaware state law are not cognizable on federal habeas review.

4

To the extent Petitioner is asserting that the imposition of bail in Superior Court Case Number 2308008915 violated his rights under the federal constitution, Petitioner's conviction for an act of intimidation in Case Number 2308008915 renders moot his challenge to any bail imposed in that case. *See Murphy v. Hunt*, 455 U.S. 478, 481 (1982) ("[W]e find that Hunt's constitutional claim to pretrial bail became moot following his convictions in state court . . . ."). Similarly, Petitioner's presentation of a signed plea agreement in Superior Court Case Number 2308008915 – which appears to involve an offense separate from the original incident resulting in the charges in Court of Common Pleas Case Number 236000004 – renders moot his argument that Case Number 2308008915 should not have been calendared and prosecuted after the dismissal of Court of Common Pleas Case Number 236000004 in November 2023. (D.I. 1-1 at 2.)

In sum, Petitioner's allegations fail to state cognizable federal habeas claims. Accordingly, the Court will summarily dismiss the Petition.

### IV. CONCLUSION

For the above reasons, the Court will dismiss the instant Petition without prejudice for failing to assert claims upon which relief can be granted pursuant to 28 U.S.C. § 2254. The Court also declines to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997).

A separate Order will be entered.

Dated: January 30, 2025

_____
The Honorable Jennifer L. Hall
United States District Court Judge